# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

**MARK POWEL LONDON AND**                    **CIVIL ACTION NO. 3:14-cv-471**
**JUDY KAY LONDON**

                                              **MAGISTRATE JUDGE HAYES**

**VERSUS**

**ASSOCIATED PIPE LINE CONTRACTORS**

### MEMORANDUM RULING AND ORDER

Before the court are two Motions to Dismiss for failure to state a claim upon which relief can be granted, [doc. #s 10, 12], filed by Defendant Associated Pipe Line Contractors, Inc.  The Motions are opposed.  For reasons stated below, the Motions are **DENIED**.

### Background

Plaintiffs Mark and Judy London first filed suit in the Fifth Judicial District Court, Parish of Richland, State of Louisiana, on February 4, 2014, alleging that Defendant retaliated against them because Mark London filed a workers' compensation claim.  [doc. # 1-1].  Defendant removed Plaintiffs' action to this Court on February 28, 2014.  [doc. # 1].  On April 7, 2014, Plaintiffs amended their Complaint and alleged the following, in pertinent part:

> 5. On January 23rd, 2013, Petitioner Mark Powell London suffered an accident while working as Environmental Foreman for Defendant. His wife Petitioner Judy Kay London worked for Defendant as Teamster, they worked for Defendant as a husband and wife team. He and his wife, Petitioner Judy Kay London, were laid off by Defendant.

> 6. Petitioner filed a workers' compensation benefits claim against Defendant.

> 7. On September 29th, 2013, Petitioner Mark Powell London returned to work as Environmental Foreman for Defendant at the previous compensation package, but Defendant refused to put Petitioner Judy Kay London back to work in retaliation for her husband filing a workers' compensation claim.

> 8. Petitioner Mark Powell London worked for two weeks as Environmental Foreman

until pay day, when instead of receiving the promised pay, Petitioner only received half of the agreed payment, in retaliation for having filed a workers' compensation claim.

9. As a direct and proximate result of Defendant's conduct, Petitioners have suffered difference in wages promised and paid, loss of wages, benefits and earnings in the past; past mental anguish and emotional distress; anxiety; depression; embarrassment; costs and attorney's fees.

* * *

11. Petitioners were constructively discharged by Defendant in violation of La. R.S. 23:1361.

[doc. # 9, p. 1-2 (emphasis omitted)].  Plaintiffs seek damages pursuant only to LA. REV STAT. ANN. § 23:1361.

Defendant, in its first Motion to Dismiss, argues that Plaintiff Judy London's retaliation claims should be dismissed because Section 1361 protects from retaliation only the individual who actually asserted a claim for workers' compensation benefits, not an individual who alleges she was retaliated against because her husband filed a workers' compensation claim.  [doc. # 10-1].  In its second Motion to Dismiss, Defendant argues that Plaintiff Mark Powell London's retaliation claims should be dismissed for two reasons: "(1) La. R.S. 23:1361 does not include a cause of action for retaliation for reduced pay or wages; and (2) Mr. London has failed to plead facts sufficient to establish a claim for constructive discharge."  [doc. # 12-1, p. 3].

The matter is now before the Court.

<u>Law and Analysis</u>

I.      **Standard of Review**

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  A pleading states a claim

2

for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a)(2).  To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  "This includes the basic requirement that the facts plausibly establish each required element for each legal claim." *Warren v. Bank of America, N.A.*, 2014 WL 1778994, at *2 (5th Cir. 2014) (citing *Iqbal*, 556 U.S. at 682-83).

A court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true. *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996).  Although the court must accept all factual allegations as true, the same presumption does not extend to legal conclusions. *Iqbal,* 556 U.S. at 678.  A court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## II.  Plaintiff Judy Kay London States a Claim upon which Relief can be Granted

Accepting all factual allegations as true, Plaintiff Judy London sufficiently states a claim upon which relief can be granted.  While Defendant is correct that plaintiff Judy London is not within the class of persons protected by LA. REV. STAT. ANN. § 23:1361[1], her factual allegations

---

[1] LA. REV. STAT. ANN. § 23:1361 "affords a cause of action for retaliatory discharge only to an injured employee who asserts a claim for compensation benefits." *See Woodson v. Alarm Prot. Servs., Inc.*, 531 So. 2d 542, 543 (La. App. 5th Cir. 1988).  Here, Plaintiff Judy London fails to state a claim under Section 1361 because she did not assert a claim for workers' compensation benefits.  The statute, as written, clearly protects only the individual who asserted a claim for

do sufficiently state a claim for intentional infliction of emotional distress pursuant to LA. CIV. CODE ANN. art. 2315.[2]  *See Portie v. Devall Towing & Boat Serv., Inc.*, 637 So. 2d 1061 (La. 1994) (recognizing that Section 1361 does not grant an employee a cause of action when his employer discharges a third person in retaliation for the employee's assertion of a Jones Act claim, but nevertheless observing that an employee may bring a claim for intentional infliction of emotional distress "when the employer's *intentional* conduct involves the retaliatory discharge of an employee's close relative.").  Judy London claims that she was intentionally denied re-employment in retaliation for her husband's filing of a workers' compensation claim, and that as a result both she and plaintiff Mark London suffered mental anguish and emotional distress. These allegations are sufficient that, if proved, they would give rise to claims for intentional infliction of emotional distress for both Judy and Mark London.  A complaint does not have to "'correctly specify the legal theory giving rise to the claim for relief."  *Gilbert v. Outback Steakhouse of Florida Inc.*, 295 Fed. App'x 710, 713 (5th Cir. 2008) (internal quotation and citation omitted).  This is because "[c]ourts must focus on the substance of the relief sought and the allegations pleaded, not on the label used."  *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013).   Accordingly, Defendant's Motion, [doc. # 10], is **DENIED**.

## III.    Plaintiff Mark London States a Claim upon which Relief can be Granted

Accepting all factual allegations as true, Plaintiff Mark London sufficiently states a claim upon which relief can be granted.  Section 1361 protects workers' compensation claimants from the following acts of retaliation and unlawful discrimination:

_____

workers' compensation.  It does not include spouses as an additional class of protected persons.

[2]

4

A. No person, firm or corporation shall refuse to employ any applicant for employment because of such applicant having asserted a claim for workers' compensation benefits under the provisions of this Chapter or under the law of any state or of the United States. Nothing in this Section shall require a person to employ an applicant who does not meet the qualifications of the position sought.

B. No person shall discharge an employee from employment because of said employee having asserted a claim for benefits under the provisions of this Chapter or under the law of any state or of the United States. Nothing in this Chapter shall prohibit an employer from discharging an employee who because of injury can no longer perform the duties of his employment.

LA. REV. STAT. ANN. § 23:1361.

As stated above, Plaintiff claims that Defendant constructively discharged[3] him in retaliation for his workers' compensation claim by unilaterally reducing his pay by fifty percent, paying him only half the wages that Defendant promised to pay him, with no changes in his hours or duties. [doc. # 9, p. 1-2].  To prove constructive discharge, "an employee must prove working conditions so difficult or unpleasant that a reasonable person placed in that position would have felt compelled to resign." *Bannister v. Dep't of Streets*, 666 So. 2d 641, 648 (La. 1996).[4]  Here, having reviewed the pleadings, the Court finds that Plaintiff has sufficiently alleged facts that, if proved, show that Defendant, in retaliation for the filing of a workers' compensation claim, rendered Plaintiff's working conditions so intolerable that a reasonable person in Plaintiff's position would have felt compelled to resign.  In addition, as noted above, Mark London also

---

[3] Plaintiff does not allege that Defendant actually discharged him from employment. Instead, Plaintiff alleges that he was constructively discharged because Defendant underpaid him by half. In that vein, the Court holds that, as in other types of discrimination cases, constructive discharge is tantamount to "discharge" in the context of Section 1361

[4] Ultimately, the trier of fact must determine whether working conditions were so difficult or unpleasant that a reasonable person in the employee's position would have felt compelled to resign. *King v. Phelps Dunbar, L.L.P.*, 844 So. 2d 1012, 1019 (La. 2003).

states a claim for intentional infliction of emotional distress due to the allegedly retaliatory refusal to re-hire his wife.  Accordingly, Defendant's Motion, [doc. # 12], is **DENIED**.

### Conclusion

For the reasons stated above, **IT IS ORDERED** that Defendant's Motions to Dismiss for failure to state a claim upon which relief can be granted, [doc. #s 10, 12], are **DENIED**.

In Chambers, Monroe, Louisiana, this 28th day of May, 2014.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE